UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRMA DIAZ,

    Plaintiff,

vs.                                        Case No.: 8:04-CV-2324-T-MSS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act, as amended, Title 42, United States Code, Sections 405 (g) and 1383 (c)(3) (the "Act"), to obtain judicial review of a final decision by the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying claims for a period of disability and Supplemental Security Income ("SSI") under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

I.    Background

    A.    Procedural History

Plaintiff originally applied for SSI benefits on September 18, 2001, alleging an onset of disability on July 25, 1997. (Tr. 61-64). Plaintiff's application was denied and the denial was later affirmed on reconsideration. (Dkt. 1). In a decision dated May 7, 2003, ALJ, Dores D. McDonnell, Sr., unfavorably determined that Plaintiff was not entitled to a period of disability and SSI benefits. (Tr. 7-15). Plaintiff filed a timely appeal of the ALJ decision,

whereupon the Appeals Council denied review on September 10, 2004. (Tr. 2-4). Consequently, Plaintiff filed this action for judicial review on October 22, 2004. (Dkt. 1).

## B. Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, the Plaintiff has alleged an inability to work based on signs and symptoms of right-sided weakness, depression, back pain, poliomyelitis, and a curvature of the spine. (Tr. 10). At the hearing, Plaintiff presented the ALJ with medical records and statements from the Plaintiff's examining and consulting physicians, including George Adams, M.D., Ernesto Nieto, M.D., Ronald Kline, M.D., Daniel Bodor, M.D., and David Langenbrunner, M.D.

After considering the evidence, the ALJ found that in spite of Plaintiff's claims of poliomyelitis[1] and lower back pain with mild scoliosis of the mid-thoracic spine being severe impairments, she does not have an impairment or combination of impairments listed in, or medically equivalent to one listed in Appendix 1, Subpart P, Regulations No. 16. (Tr. 14). The ALJ also found that Plaintiff's subjective complaints are not consistent with the medical evidence and are not fully credible considering both medical and "other" evidence. (Tr. 14). The ALJ determined that while Plaintiff could not perform her past relevant work, she retained the residual functional capacity to perform light work. (Tr. 14-15). As such, the ALJ concluded that Plaintiff was not disabled under the Act. The ALJ then applied the Medical-Vocational Guidelines (the "Grids") to determine other work Plaintiff could perform in the national economy.

---

[1] Poliomyelitis is an acute infectious disease occurring sporadically or in epidemics and caused by a virus...[i]t is characterized clinically by fever, sore throat, headache, and vomiting, often with stiffness of the neck and back. See, Dorland's Illustrated Medical Dictionary at 1324.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See, Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979). Moreover, the Court may not reweigh the evidence or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Baker v. Sullivan, 880 F.2d 319, 321 (11th Cir. 1989).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo. See, Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. See, McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See, Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Against this standard, Plaintiff asserts that the decision of the ALJ must be reversed and remanded for a supplemental hearing for the following reasons: (1) the ALJ failed to fully and adequately develop the record regarding Plaintiff's mental impairments; and (2) the

ALJ erred as a matter of law by determining Plaintiff was not disabled. In response, the Commissioner maintains that the record contains ample evidence to the support the ALJ's conclusions, even though evidence was limited as to Plaintiff's treating and examining physicians. (Def.'s Memo at 9). Further, the Commissioner argues that the ALJ properly evaluated the medical evidence and concluded that Plaintiff could perform light work. Id.,at 8. For the reasons set forth below, the Undersigned finds that the ALJ's decision is not in accordance with the correct legal standards and is otherwise unsupported by a full and fair record. Accordingly, the Undersigned **ORDERS** that this matter be **REVERSED and REMANDED** for reconsideration of Plaintiff's claim as outlined below.

III. Discussion

### A. WHETHER THE ALJ FAILED TO FULLY AND ADEQUATELY DEVELOP THE RECORD REGARDING PLAINTIFF'S MENTAL IMPAIRMENTS

Plaintiff argues the ALJ failed to fully and adequately develop the record regarding Plaintiff's mental impairments. Plaintiff alleged that she suffers from depression. (Tr. 106, 114, 115, 117). Specifically, Plaintiff contends that "had the proper level of development and inquiry been achieved, a more accurate picture of the Plaintiff's impairments would have emerged." (Pl.'s Memo at 7).

In support of Plaintiff's contention, Plaintiff directs the Court to a medical treatment questionnaire in which she stated on or about October 3, 2002, that she was treated by Dr. Kirtikumar J. Pandya, a psychiatrist, for depression. (Exh. No. 11E, Tr. 118). During this period, Plaintiff contends that she was very depressed due to her constant pain. (Tr. 114). Plaintiff points further to documentation identifying Dr. Nieto, who prescribed Zoloft, and Dr. Mary Isaac, who prescribed Trazodone. (Exh. No. 10E, Tr. 117); medications which confirm her depression, but which Plaintiff states cause side effects such as nausea, dizziness, and

4

upset stomach. (Tr. 113). Despite this evidence, the ALJ rejected Plaintiff's allegation of depression at stage two of the sequential analysis, finding that Plaintiff's depression was "non-severe" because "there is no evidence to indicate that she has received treatment for this condition." (Tr. 11); (Pl.'s Memo at 7).

The Commissioner correctly points out that the claimant has the burden of producing evidence in support of her claim. Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003). The ALJ has a concomitant duty, however, to evaluate a claimant's entitlement to disability benefits based on a complete and comprehensive medical record. See, 20 C.F.R. § 404.1512(d), (e) (2001); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997)(citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)); Brown v. Shalala, 44 F.3d 931, 934-36 (11th Cir. 1995); Smith v. Bowen, 792 F.2d 1547, 1550-1551 (11th Cir. 1986); Caulder v. Bowen, 791 F.2d 872, 878 (11th Cir. 1986); Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984). The ALJ's duty in this regard is heightened when a claimant proceeds without the benefit of legal counsel. See, Todd, 736 F.2d at 642; McConnell v. Schweiker, 655 F.2d 604, 606 (5th Cir. 1981)(Unit B)[2]; Orr v. Heckler, 737 F.2d 770, 771 (8th Cir. 1984); Currier v. Secretary, 612 F.2d 594, 598 (1st Cir. 1980). When the claimant is not represented by counsel, the duty requires that the ALJ "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," ensuring that both favorable and unfavorable facts are elicited. Cowart, at 735. Additionally, Title 42 U.S.C.A. § 421 (h) makes clear that "in any case where there is evidence which indicates the existence of a *mental impairment* the Commissioner can deny benefits only if the Commissioner has made

---

[2] "[T]he decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to close of business on that date, would be binding as precedent on all federal courts within the Eleventh Circuit." See, Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981).

every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." See, McCall v. Bowen, 846 F.2d 1317, 1320 (11th Cir. 1988) (emphasis added).

Where the medical record is inadequate, further evidence, including additional medical tests and consultative examinations, may need to be developed to supplement the medical evidence lacking in the record. See, 20 C.F.R. §§ 404.1517, 416.912(f); Caulder, 791 F.2d at 878; Conley v. Bowen, 781 F.2d 143 (8th Cir. 1986). A consultative examination is not always required for the ALJ to satisfy his duty to fully and fairly develop the record; however, it may be required in order for the ALJ to render an informed decision if the record establishes that such an examination is necessary. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984)(citation omitted); Pearson v. Bowen, 866 F.2d 809 (5th Cir. 1989). It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. See, Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988). Prior to an ALJ's ordering a consultative examination, the claimant must first raise the "requisite suspicion" that such an examination is necessary for the ALJ to satisfy his duty of full inquiry. Haywood v. Sullivan, 888 F.2d 1463, 1472 (5th Cir. 1989).

When the ALJ has not fully developed the record, remand is the appropriate remedy. See, Williams, 73 F. Supp. 2d at 1339. In this case, Plaintiff argues that the ALJ failed to fulfill his duty to fully develop the record where she was unrepresented by counsel and presented allegations of mental impairment. Relying on Brown v. Shalala, 44 F.3d 931 (11th Cir. 1995), Plaintiff contends in this regard that the heightened duty to develop the record arises when the claimant is unrepresented by counsel. (Pl.'s Memo at 6-7). The

Commissioner counters that Plaintiff waived her right to be represented by counsel at the administrative hearing. (Def.'s Memo at 9). In this regard the Commissioner notes that the ALJ took considerable steps during the administrative hearing to determine whether Plaintiff knowingly and intelligently waived her right to counsel. Specifically, the ALJ offered the Plaintiff a postponement to secure counsel, stating that it "would probably be to your benefit to get a postponement to get an attorney to represent you . . . [d]o you desire postponement to get an attorney, or do you want to go forth here today?" (Tr. 28). Plaintiff responded that she wanted the ALJ to proceed. As such, the Commissioner contends that the ALJ was not under a heightened duty to more fully develop the record. Even if the Commissioner is correct on this point, which the Court need not decide, the ALJ still retained a fundamental duty to ensure that the record of Plaintiff's mental impairments was fully developed. See, 20 C.F.R. § 404.1512(d),(e) (2001).

Plaintiff initially stated that she "did not know" if the ALJ had all of the medical treatment reports when she advised the ALJ that she was being treated by a psychiatrist. (Tr. 26). Further, the record contained the notes of at least two doctors who had treated Plaintiff, but whose records were not obtained. (Tr. 26). Specifically, in her written submission, the Reconsideration Disability Report, Plaintiff stated that she was suffering from depression. As stated above, she also provided the name of her treating psychiatrist and her prescriptions for Zoloft and Trazodone on or about October 3, 2002. (Tr. 117-18). The Commissioner concedes that Plaintiff testified at the hearing that she was being treated by a psychiatrist, but argues that she failed to identify a specific doctor because her friend, Ms. Perez, interrupted her.[3] Even if true, the record evidence established the requisite

---

[3] The Court would note that the friend's interruption may have shed some light on
(continued...)

suspicion that the record was inadequate. As the Court noted in McCall v. Bowen, 846 F.2d 1317 (11th Cir. 1988), the claimant's "testimony of mental problems and the suggestions made by her treating physicians might well be enough to require the appointment of a psychiatrist or psychologist under the requirements of section 421 (h)." Id. at 1320.

Accordingly, the Court finds that the ALJ erred in failing to develop a full and fair record regarding the existence and extent of Plaintiff's psychiatric impairments. The ALJ's failure in this regard is even more significant in this case because the ALJ rejected Plaintiff's mental impairment at step two of the sequential analysis. The level of impairment that must be shown at step two is a threshold level of severity; the claimant's burden is "mild," allowing "only claims based on the most trivial impairments to be rejected." See, McDaniel v. Bowen, at 1031. Without a full understanding of Plaintiff's level of mental impairment, as could be illuminated by a full medical record, the ALJ was not sufficiently informed. Accordingly, the Undersigned remands this claim and directs that the ALJ obtain Plaintiff's psychiatric medical records and reevaluate the medical evidence, specifically as it relates to Plaintiff's alleged mental impairments.

**B. WHETHER THE ALJ ERRED AS A MATTER OF LAW BY DETERMINING PLAINTIFF WAS NOT DISABLED**

It is premature at this time for the Court to undertake resolution of Plaintiff's remaining issues, whether the ALJ erred as a matter of law in finding that Plaintiff was not disabled based on vocational rule 202.16 of the Grids (Appendix 2), and not under a "disability" as defined by the Act. As noted in the Medical History and Findings Summary set forth above, the ALJ determined that Plaintiff has severe impairments, but found those impairments were

---

[3](...continued)
this matter, but the ALJ interrupted the friend and never returned to the pending response. (Tr. 26-27).

not listed in, or medically equivalent to, one listed in Appendix 1, Subpart P, Regulations No. 16. Further, the ALJ found that while Plaintiff could not perform past relevant work, she could perform light work, and therefore, was not disabled based on the Grids. The ALJ's determination of this issue may change in light of reconsideration of the treating psychiatrist's opinion as ordered on remand. The ALJ is reminded that the Eleventh Circuit has stated that when the "claimant has non-exertional impairments that significantly limit basic work skills, exclusive reliance on the grids is inappropriate." Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999)(citing, Foote v. Charter, 67 F.3d 1553 (11th Cir. 1995)). However, in cases where non-exertional impairments exist the "ALJ may use the [grids] as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)(citing, Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). Because the existence and extent of the Plaintiff's alleged non-exertional impairments must be addressed on remand, the Court notes that the ALJ may be required to consult a vocational expert instead of relying exclusively on the Grids to determine whether Plaintiff qualifies for disability under the Act.

## IV.    Conclusion

Accordingly, based upon the foregoing, the Undersigned **ORDERS** that the decision of the Commissioner be **REVERSED** pursuant to sentence four of 42 U.S.C. §405(g) and this case **REMANDED** to the Commissioner of Social Security for the express purpose of obtaining an opinion of Plaintiff's psychiatrist, Dr. Kirtikumar J. Pandya, particularly as to his diagnoses and identified functional restrictions, consistent with the level of priority

established by law. The **CLERK** is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close this case.

**DONE and ORDERED** in Tampa, Florida on this 15th day of March 2006.

_____
MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record